## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) No. 1:24-cr-10352-JEK |
| REBECCA FADANELLI, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

**KOBICK, J.**

Defendant Rebecca Fadanelli is charged in an eight-count indictment with importing merchandise contrary to law, unlawfully selling or dispensing counterfeit drugs, and unlawfully selling or dispensing counterfeit devices. The indictment alleges that Fadanelli, an unlicensed aesthetician who ran a business called Skin Beaute Med Spa, injected clients with counterfeit Botox, a Food and Drug Administration ("FDA") approved prescription drug, and counterfeit Restylane, an FDA approved prescription dermal filler. At Fadanelli's initial appearance in November 2024, Magistrate Judge Hennessy ordered her released pending trial, subject to a number of conditions. Among those conditions were prohibitions against (1) contacting any person who is or may be a victim or witness in the investigation or prosecution; (2) engaging in employment that includes any injection cosmetic procedures; and (3) purchasing, possessing, selling, dispensing, or administering Botox or dermal filler products that require a prescription.

In October 2025, Judge Hennessy held a show cause hearing regarding Fadanelli's alleged noncompliance with these conditions. After considering the evidence submitted at the hearing, Judge Hennessy concluded that Fadanelli violated those conditions of pretrial release by injecting

a client with either Botox or Sculptra, a dermal filler, in May 2025. Concluding that revocation of Fadanelli's pretrial release was warranted due to the danger to the community posed by Fadanelli's conduct and the likelihood that Fadanelli would not abide by any condition or combination of conditions of release, Judge Hennessy ordered her detained the next day. When Fadanelli failed to timely report to the U.S. Marshals Service to begin detention, Judge Hennessy issued an arrest warrant, which was not ultimately executed because Fadanelli reported to the U.S. Marshal the following Monday.

Pending before this Court is Fadanelli's motion under 18 U.S.C. § 3145(b) to review and revoke Judge Hennessy's detention order and place her on more restrictive conditions of pretrial release. For the reasons that follow, Fadanelli's motion will be denied without prejudice and the detention order will remain in effect. Pretrial detention is warranted at this time because of Fadanelli's failure to abide by important conditions of her pretrial release, because Fadanelli is not likely to abide by the new conditions of release over the period of time she proposes, and because the combination of conditions of release she proposes would not, in light of the factors set forth in 18 U.S.C. § 3142(g), assure the safety of the community. Nevertheless, the parties are instructed to confer on whether other conditions of release may, for a shorter period of time than that requested by Fadanelli, reasonably assure the safety of the community while also enabling Fadanelli to arrange for the long-term care of her five-year-old son.

## BACKGROUND

The following facts are drawn from the indictment, the transcript of the detention hearing, and the government's evidentiary submissions. *See United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990).

The indictment alleges that Fadanelli imported counterfeit prescription drugs and medical devices, including counterfeit Botox, Sculptra, Restylane, and Juvederm, on at least four occasions between March 2021 and November 2024. ECF 19, ¶¶ 16, 21, 33. On October 26, 2023, for example, Fadanelli returned to the United States from Brazil carrying counterfeit Sculptra. *Id.* ¶ 22. Between November 2023 and March 2024, Fadanelli received counterfeit Botox, Sculptra, and Juvederm from China. *Id.* ¶ 23. After law enforcement detained a parcel in December 2023, Fadanelli used a different delivery address for the counterfeit shipments. *Id.* ¶¶ 24-25. Fadanelli never purchased authentic prescription drugs or devices from Allergan or Galderma, the manufacturers of Botox, Sculptra, Restylane, and Juvederm. *Id.* ¶¶ 10-11, 27.

Fadanelli allegedly sold and dispensed the counterfeit prescription drugs and devices on clients within the same period. *Id.* ¶¶ 20, 28, 35, 37. She owned and operated Skin Beaute, Inc., doing business as Skin Beaute Med Spa, with locations in Randolph and South Easton, Massachusetts. *Id.* ¶ 2. The Skin Beaute Med Spa offered spa services and cosmetic procedures to clients. *Id.* ¶ 3. From 2021 to 2024, Fadanelli allegedly performed approximately 1,631 Botox injection procedures and approximately 1,085 filler injection procedures using counterfeit prescription drugs and devices. *Id.* ¶ 28. Fadanelli was not licensed to perform injections and falsely identified to clients the substances she was injecting. *Id.* ¶¶ 4, 17, 19.

On October 31, 2024, a criminal complaint and arrest warrant were issued. ECF 3, 4. Fadanelli was arrested on November 1, 2024. At her initial appearance that day, Magistrate Judge Hennessy, with the government's agreement, released Fadanelli on conditions of pretrial release. ECF 9, 11 (order setting conditions of release). As relevant here, three of the conditions provided:

> (1) "[A]void all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution including: any customer [for whom] you have allegedly provided Botox or other injectables or devices. No contact with current employees about this case or charges."

(2) "Defendant is prohibited from engaging in employment that would include any injection cosmetic procedures. Do not inject counterfeit products and do not hire a nurse (or other medical professional) to inject counterfeit products into any person."

(3) "Do not purchase, possess, sell, dispense, administer or advertise products for Botox, Sculptra, Juvederm or other products that require a prescription, and you are not to be involved in administering those products by injection or otherwise."

ECF 11, at 2-3.

On November 20, 2024, Fadanelli was charged by indictment with four counts of importing merchandise into the United States contrary to law, and aiding and abetting, in violation of 18 U.S.C. §§ 545 and 2; two counts of selling or dispensing counterfeit drugs, in violation of 21 U.S.C. §§ 331(i)(3) and 333(b)(8); and two counts of selling or dispensing counterfeit devices, in violation of 21 U.S.C. §§ 331(fff)(3) and 333(b)(8). ECF 19. A year later, on October 21, 2025, U.S. Probation and Pretrial Services filed a petition alleging that Fadanelli had violated conditions of her pretrial release. ECF 115, at 5:2-4. Specifically, the petition alleged that, in September 2025, the FDA received a complaint that a victim had received injections from Fadanelli's Skin Beaute Med Spa. *Id.* at 6:23-7:8. The complaint came from the victim reporting website that the FDA created when the case was charged. *Id.* at 6:16-22. The victim, a previous client of Fadanelli's, reported that she received injections from Fadanelli at Fadanelli's home in May 2025 and paid her using CashApp. *Id.* at 7:6-8:13.

The Court held a show cause hearing on October 30, 2025. ECF 106. At the hearing, Judge Hennessy found by clear and convincing evidence, pursuant to 18 U.S.C. § 3148(b)(1)(B), that Fadanelli violated the conditions that prohibited her from engaging in employment related to injection cosmetic procedures and from administering prohibited products by injection. ECF 115,

at 36:1-37:6.[1] He then found under 18 U.S.C. § 3148(b)(2)(A) that Fadanelli's violations posed a concern for the safety of the community, and under 18 U.S.C. § 3148(b)(2)(B) that Fadanelli was unlikely to abide by any condition or combination of conditions of release. ECF 115, at 37:7-38:18.

So that Fadanelli would have time to arrange for the care of her son, Judge Hennessy ordered her to surrender to the U.S. Marshals Service at the Boston courthouse the following day, on Friday, October 31, 2025 by 2:00 p.m. *Id.* at 38:19-39:1, 40:6-8. He warned Fadanelli that if she did not surrender at that prescribed time, a warrant would issue for her arrest. *Id.* at 40:6-8. Fadanelli failed to surrender at the time ordered by the Court, and an arrest warrant was issued for her arrest. She surrendered to the U.S. Marshal three days later, on Monday, November 3, 2025, before the warrant was executed.

On December 5, 2025, Fadanelli filed a motion to revoke Judge Hennessy's detention order, requesting that she instead be placed on pretrial release under additional proposed conditions, or alternatively, requesting at least 30 days of release to make further arrangements for the care of her son. ECF 114. After the government opposed that motion, the Court held a hearing and took the motion under advisement. ECF 122, 123.

## DISCUSSION

A motion for district court review of a magistrate judge's order of pretrial detention "shall be determined promptly." 18 U.S.C. § 3145(b). This Court conducts "*de novo* review of the contested order." *United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990).

The statute that governs revocation of release orders, 18 U.S.C. § 3148, provides that a judicial officer shall revoke a previous release order "if, after a hearing, the judicial officer (1) finds

---

[1] Defense counsel conceded that Fadanelli violated the condition prohibiting contact with witnesses. ECF 115, at 13:19-21, 30:19-21.

that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b); *see United States v. Pasciuti*, 958 F.2d 361, at *3 (1st Cir. 1992) (per curiam). Fadanelli does not now challenge Judge Hennessy's finding, by clear and convincing evidence, that she violated conditions of pretrial release by injecting a former client in May 2025 with Botox or dermal fillers. *See* 18 U.S.C. § 3148(b)(1)(B). Instead, she disputes his conclusions that no combination of conditions of release will assure the safety of others and, alternatively, that she is unlikely to abide by any combination of conditions of release. *See id.* § 3148(b)(2).

To justify revocation of a release order and imposition of detention under 18 U.S.C. § 3148(b)(2)(B), the government bears the burden to prove, by a preponderance of the evidence, that a defendant will not abide by any conditions of release. *See United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990); *United States v. Gotti*, 794 F.2d 773, 778-79 (2d Cir. 1986). Alternatively, under 18 U.S.C. § 3148(b)(2)(A), the government bears the burden to prove, by clear and convincing evidence, that based on the factors set forth in 18 U.S.C. § 3142(g), no condition or combination of conditions of release will assure the safety of any other person or the community. *See United States v. Salerno*, 481 U.S. 739, 752 (1987) (addressing similar provision in 18 U.S.C. § 3142(f)); *United States v. Couture*, No. 21-cr-10172-NMG, 2022 WL 483830, at *4 (D. Mass. Feb. 11, 2022) (applying the clear and convincing evidence standard to a request for revocation under both 18 U.S.C. §§ 3142(f) and 3148(b)(2)(A)). The factors in Section 3142(g) require the

6

Court to take into account "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g).

On *de novo* review, Judge Hennessy's conclusion that Fadanelli will not abide by any condition or combination of conditions of pretrial release is supported by the record. Fadanelli violated the three aforementioned conditions of pretrial release between May and July 2025, when she engaged in sustained communications with a former client regarding the scheduling of and payment for a cosmetic injection procedure. At Fadanelli's direction, the injection procedure took place in her home. Fadanelli did not report this violation of her conditions of release to her Probation Officer; rather, the violation came to light after the former client learned of Fadanelli's indictment and reported the May 2025 procedure to an agent with the FDA. Then, after Judge Hennessy ordered Fadanelli detained and to report to the U.S. Marshals by 2:00 p.m. on October 31, 2025, she violated another court order by failing to timely report. This noncompliance came the day after Judge Hennessy expressly warned her that failing to report on time would lead to a warrant for her arrest. Taken together, Fadanelli's conduct evinces a repeated unwillingness to abide by court orders. *Cf. Pasciuti*, 958 F.2d 361, at *7 ("The evidence that, so soon after having been released on the condition that he not possess a firearm, defendant knowingly possessed one manifests disdain for the court's order and society's rules."). The government has met its burden to demonstrate that Fadanelli will not abide by any condition or combination of conditions of pretrial release, a showing that alone justifies denial of Fadanelli's motion. *See United States v. Davis*, No. 3:17-cr-669-SAL, 2020 WL 730572, at *3 (N.D. Tex. Feb. 13, 2020) (explaining that

7

the "magistrate judge's findings under § 3148(b)(2)(B) alone are sufficient to justify revocation and detention without the need for additional findings under § 3148(b)(2)(A)").

In addition, and in the alternative, the government has demonstrated by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or members of the community. The Botox and dermal fillers used by Fadanelli are regulated as prescription drugs and devices by the FDA in part because of the health risks involved when unlicensed individuals, like Fadanelli, attempt to inject others with the substances, regardless of whether or not those substances are counterfeit. Fadanelli does not dispute that the charges pending against her in the indictment are serious or that the weight of the evidence against her is strong. *See* 18 U.S.C. § 3142(g)(1)-(2). And in choosing to administer cosmetic injections to a client in violation of conditions of release that prohibited her from engaging in such procedures, Fadanelli has demonstrated that she poses an ongoing danger to members of the community if she remains out on pretrial release. *See id.* § 3142(g)(4). Each of these factors favors detention.

Fadanelli's principal argument for revocation of the detention order is that her ongoing detention prevents her from making arrangements for the long-term care of her five-year-old son, who is currently being cared for by a family friend, a nanny, and the child's father. *See* 18 U.S.C. § 3142(g)(3) (factor concerning history and characteristics of the defendant). Fadanelli represents that she wishes to send her son to live with family members in Brazil, and that, as her child's only custodial parent, she needs to meet in person with the Brazilian consulate in Boston to effectuate that plan. In addition to the conditions of pretrial release to which she was previously subject, she proposes (1) location monitoring on an electronic ankle bracelet; (2) curfew from 6:00 p.m. to 6:00 a.m.; (3) a prohibition on the use of internet-connected electronic devices, unless electronic

monitoring software has been installed on the device; and (4) submission to searches of her person, residence, and vehicle upon reasonable suspicion that she has violated a condition of release. Fadanelli requests that, in light of her need to arrange for the long-term care of her son in Brazil, the Court release her on this strict set of conditions pending trial or, at a minimum, for 30 days. The government responds that these proposed conditions are not feasible and, in particular, that the fourth condition is not conducted by the Probation Office in the District of Massachusetts.

In general, Fadanelli's desire to make childcare arrangements is not by itself a sufficient reason to release her anew, particularly in light of the record evidence demonstrating the risk of harm she poses to other persons and the community. *See United States v. Coronado*, No. 1:22-cr-00353-CNS, 2023 WL 6794324, at *1-3 (D. Colo. Oct. 13, 2023). None of the new conditions that Fadanelli proposes would prevent her from again violating her conditions of release by continuing to inject former clients with Botox or prescription dermal fillers in her home. Fadanelli's record of noncompliance with court orders undercuts her contention that she would comply with these new conditions of release by not, for example, using an electronic device without monitoring software. And Fadanelli has not adequately explained why she would need a minimum of 30 days to visit the Brazilian consulate and renew her son's United States passport. The Court concludes, for these reasons, that the government has demonstrated that no condition or combination of conditions will reasonably assure the safety of other persons and members of the community. Nevertheless, the Court will deny Fadanelli's motion without prejudice to renewal and order the parties to confer further regarding whether some other combination of conditions could both assure the safety of the community and enable Fadanelli to take the steps necessary to arrange for the long-term care of her son in Brazil. If any set of conditions could feasibly be implemented in a period of time less than 30 days, Fadanelli may renew her motion for revocation of the detention order.

## CONCLUSION AND ORDER

For the foregoing reasons, Fadanelli's motion for revocation of the detention order, ECF 114, is DENIED without prejudice.

SO ORDERED.

Dated: December 23, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE