UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10352-JEK |
| | ) | |
| REBECCA FADANELLI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**KOBICK, D.J.**

WHEREAS, on November 20, 2024, a federal grand jury sitting in the District of Massachusetts returned an eight-count Indictment, charging defendant Rebecca Fadanelli (the "Defendant"), with Importing Merchandise Contrary to Law; Aiding and Abetting, in violation of 18 U.S.C. §§ 545 and 2 (Counts One through Four), Sale/Dispersing of Counterfeit Drugs, in violation of 21 U.S.C. §§ 331(i)(3) and 333(b)(8) (Counts Five through Six), and Sale/Dispensing of Counterfeit Devices, in violation of 21 U.S.C. §§ 331 (fff)(3) and 333(b)(8);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(2)(B), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offenses alleged in Counts One through Four of the Indictment, of any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offenses;

WHEREAS, such property specifically included, without limitation:

a. $933,414, to be entered in the form of a forfeiture money judgment; [1]

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b);

WHEREAS, on April 7, 2026, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Eight of the Indictment, pursuant to a written plea agreement that she signed on March 22, 2026;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $1,001,562.45 on the grounds that such amount is equal to the amount of proceeds Defendant derived from the offenses as a result of her guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and her guilty plea on April 7, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,001,562.45, pursuant to 18 U.S.C. § 982(a)(2)(B);

WHEREAS, the amount of $1,001,562.45 constitutes proceeds that the Defendant obtained

[1] As set forth below and in the plea agreement, the United States has since determined that the amount of the proceeds of the Defendant's crimes is $1,001,562.45.

as a result of violations of 18 U.S.C. §§ 545 and 2; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $1,001,562.45, pursuant to 18 U.S.C. § 982(a)(2)(B).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. 982(b), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

**JULIA E. KOBICK**
United States District Judge

Dated: 9/2/2026